## A. J. GOODE'S ADMR. v. P. A. BLACKWELL.

**Contracts—Part Performance—Right to Complete.**

> Appellant had such an interest in the profits in the stock of goods on hand, to the amount of one-half of the net profits, if he performed his part of the contract fully by selling them out, which he had partly performed, as to entitle him to the possession for the purpose of completing his part of the contract.

**Equity—Issue Out of Chancery—Weight of Verdict.**

> The verdict of a jury, trying an issue out of chancery is entitled to as much weight as a verdict in a common-law action.

APPEAL FROM HENDERSON CIRCUIT COURT.

April 21, 1871.

OPINION BY JUDGE PETERS:

The question whether or not Goode and Ricketts by the terms of the contract under which the business was conducted were partners as between themselves does not arise under the pleadings in this case, that relation is admitted in the two answers filed by appellee to have existed at the death of Ricketts, and by the terms of the contract Goode had such an interest in the stock on hand as authorized him to retain it until he had disposed of the whole by selling out, and then after paying the original cost, house rent, etc., the net profits should have been divided, he retaining the one-half thereof.

After appellee filed his answer in the case on his motion it was transferred to the equity docket and an issue out of chancery ordered to be tried by a jury, and that issue was as submitted by the court. "Did Blackwell purchase Goode's interest in the goods mentioned in the pleadings? If so, the price agreed to be paid."

On the trial of that issue the jury found that appellee as executor of Ricketts agreed to pay Goode the one-half of the profits on the goods after deducting costs, expenses, etc., as soon as his interest could be ascertained by taking an invoice of stock on hand, and that he should be paid dollar for dollar and not pro rata. To that finding no exceptions were taken by appellee, and was not subsequently set aside directly by the court.

A motion was subsequently made to consolidate this case with

the case of Ricketts' executor against Ricketts' heirs and creditors, but that motion does not appear to have been disposed of, and appellant's petition was finally dismissed.

Goode certainly had an interest in the profits in the stock of groceries or goods on hand at the death of Ricketts to the amount of one-half of the net profits if he performed his part of the contract fully by selling them out; he had partly performed his agreement buying them, and he had such an interest in them as would have entitled him to retain the possession of them for the purpose of carrying out the contract with Ricketts by selling them; but it was competent for Ricketts' executor and himself to make any just and fair agreement in relation to the goods that they might deem proper; such an agreement was made according to the finding of a jury to whom the facts were submitted by consent of the parties. Their verdict was entitled to as much weight as a verdict in a common law action, as was held by this court in *Moores' Heirs v. Shepherd, etc.,* 2 Duvall 125.

But even without the verdict of the jury the evidence preponderates to the conclusion that appellee agreed with appellant as executor of his testator to pay him one-half of the profits on the goods after deducting the costs and expenses according to the invoice to be made immediately thereafter, and this agreement, it seems to us, should have been carried out, as it was within the spirit, and we incline to think the letter of the contract between Ricketts and Goode and the money to be out of the proceeds of the goods.

Wherefore the judgment is reversed and the cause remanded with directions to render judgment in favor of appellant for the one-half of the net profits on the goods on hand at the death of Ricketts according to the invoice value caused to be made by the appellee after deducting costs and expenses, and for further proceedings consistent herewith.

*Turner, for appellant.*

*Vance, for appellee.*